IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ANTOLIN GARCIA MANZANARES,

                    Petitioner,

    v.

WARDEN EMMERICH,

                    Respondent.

OPINION AND ORDER

25-cv-830-wmc

---

Representing himself, petitioner Antolin Garcia Manzanares has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he was denied due process during a prison disciplinary proceeding at the Federal Correctional Institution in Oxford, Wisconsin ("FCI-Oxford"), which resulted in the loss of good-time credit. After reviewing the pleadings and attached exhibits as required under Rule 4 of the Rules Governing Section 2254 Cases, which also apply to petitions filed under § 2241, this action will be dismissed for the reasons explained below because petitioner failed to exhaust administrative remedies as required before seeking relief in federal court.

BACKGROUND[1]

Petitioner is currently incarcerated as the result of a federal conviction from the United States District Court for the Middle District of North Carolina for: (1) conspiracy to distribute cocaine hydrochloride; and (2) illegal reentry of a previously removed felon. *See United States*

---

[1] Unless otherwise indicated, the facts in this section are drawn from the petition, supporting brief, and attached exhibits. (Dkts. ##1-2.) Because petitioner represents himself, his *pro se* submissions are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

*v. Antolin Garcia-Manzanares*, No. 1:15-cr-338 (M.D.N.C.).[2]  He received a sentence of 192 months' imprisonment followed by a 3-year term of supervised release in that case.  His projected release date is July 17, 2028.

While confined at FCI-Oxford on February 25, 2025, petitioner was charged with a disciplinary infraction in Incident Report #4074465, which accused him of possessing a dangerous weapon.  (Dkt. #2-2.)  On March 12, 2025, petitioner was found guilty of the offense by a Disciplinary Hearing Officer ("DHO").  As punishment, petitioner lost 41 days of good-time credit and was placed in disciplinary segregation for 30 days.  He also lost commissary, email, and phone privileges for 90 days.  The punishment was outlined in a DHO Report that was delivered to petitioner on April 7, 2025.  (Dkt. #2-4.)

On April 21, 2025, petitioner filed a BP-10 form to appeal the DHO's decision to the Regional Director, requesting that the result of the disciplinary proceeding be expunged because there were multiple errors in the DHO Report.  (Dkt. #2-3, at 3-4.)  On May 30, 2025, the North Central Regional Office responded that a procedural error was discovered.  (Dkt. #2-3, at 2.)  It appears that the procedural error concerned petitioner's request to have the assistance of a Spanish speaking translator during the disciplinary proceedings.  (*Id*.)  As a result, the matter was remanded to FCI-Oxford for "corrective action."  (*Id*.)  Petitioner was instructed in the Regional Director's remand order that, upon a final determination, petitioner would be "afforded the opportunity to file a new appeal at the regional level, if [he] desire[d]."  (*Id*.)

---

[2]A court may take judicial notice of matters in the public record, including pleadings and orders in previous court cases.  *Gen. Elec. Capital Corp. v. Lease Resolution Corp*., 128 F.3d 1074, 1080 (7th Cir. 1997) (citations omitted).

After being notified of the charge on June 3, 2025, petitioner again appeared before a DHO for another hearing on Incident Report #4074465 on June 12, 2025, where he had the assistance of a language translation program.  (Dkt. #2-6, at 5.)  In an amended DHO Report that was delivered to him on July 17, 2025, petitioner was again found guilty of the charged disciplinary infraction for possessing a dangerous weapon and the same punishment was imposed.  (*Id*. at 8-9.)

Petitioner did not file another BP-10 form to appeal the result of his second disciplinary proceeding to the Regional Director.  Instead, on July 28, 2025, petitioner filed a BP-11 form directly with the Central Office, challenging the remand order and arguing that:  (1) the charges should have been dismissed as a result of the procedural error; and (2) he should not have been subject to a second proceeding on the same charges.  (Dkt. #2-6, at 2-3.)  The Central Office rejected the BP-11 form, noting that petitioner did not file an appeal to the Regional Director following the second hearing that was held on June 12, 2025, and stating that it would be premature to review the disciplinary proceedings before the Regional Director had an opportunity to do so.  (*Id*. at 4.)

OPINION

Petitioner now seeks relief from his prison disciplinary proceeding.  Specifically, petitioner claims that the second disciplinary proceeding held on June 12, 2025, violated his right to due process because he was "NOT given 24 hours advance written notice of the charges" but was re-tried on a "4 month-old incident report with the same charges." (Dkt. #2, at 6 (emphasis in original).)  He also appears to argue that the conviction was not supported by sufficient evidence.  (*Id*. at 6-7.)

3

To obtain a writ of habeas corpus under 28 U.S.C. § 2241, a petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." First, however, an inmate must exhaust administrative remedies before seeking habeas relief in federal court. *See Richmond v. Scibana*, 387 F.3d 602, 604 (7th Cir.2004) (noting that "common-law exhaustion rule applies to § 2241 actions"). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process is likely to result in the denial of the requested relief. *See Greene v. Meese*, 875 F.2d 639, 641 (7th Cir. 1989).

The BOP's Administrative Remedy Program, 28 C.F.R. §§ 542.10-542.19, outlines the required procedures for inmates to appeal issues relating to their confinement, including a three-tiered appellate review process involving the Warden, the Regional Director, and the General Counsel. 28 C.F.R. § 542.15(a). For DHO appeals, however, an inmate can elect to begin the appeals process by filing a BP-10 form with the Regional Director for the region where he is currently located within 20 days of receiving the DHO report. 28 C.F.R. § 542.14(a) and (d)(2). If unsatisfied with the Regional Director's decision, an inmate must then file a BP-11 form to the General Counsel within 30 days of the date the Regional Director signed the response. 28 C.F.R. § 542.15(a).

Petitioner admits that he did not exhaust administrative remedies by presenting his claims for review by the Central Office. (Dkt. #1, at 3.) Petitioner's exhibits confirm that his first BP-10 form was addressed and his case was remanded back to FCI-Oxford for further review, and that he by-passed the Regional Director by not filing a BP-10 form to appeal the DHO's decision during the second disciplinary hearing on June 12, 2025, although he was advised of the opportunity to pursue a "new appeal" if he wished to do so. (Dkt. #2-3, at 2.) "Proper exhaustion demands compliance with an agency's deadlines and other critical

procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 90 (2006). Petitioner did not pursue an appeal in compliance with BOP rules and did not complete all available levels of the administrative remedy program. Because petitioner failed to properly exhaust available administrative remedies with respect to his claims, this case will be dismissed without prejudice.

ORDER

IT IS ORDERED that:

1. The habeas corpus petition filed by Antolin Garcia Manzanares (dkt. #1) is DISMISSED without prejudice for failure to exhaust administrative remedies.

2. The clerk of court is directed to close this case and enter judgment accordingly.

Entered this 13th day of March, 2026.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge